NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JULES L. CAMPBELL, | : |
| Plaintiff, | : |
| | : Civil No. 21-13549 (RBK/SAK) |
| v. | : |
| | : **OPINION** |
| STATE OF NEW JERSEY; | : |
| Defendant. | : |

**ROBERT B. KUGLER**, United States District Judge:

This matter comes before the court on *pro se* Plaintiff Jules Campbell's Complaint (Doc. No. 1) and application to proceed *in forma pauperis* ("IFP") (Doc. No. 1-1). The Complaint alleges that the New Jersey Family Court incorrectly modified an Australian child support order in violation of the Uniform Interstate Family Support Act ("UIFSA") and other laws. Plaintiff alleges violations of due process and other constitutional rights, UIFSA, Full Faith and Credit for Child Support Orders Act, a treaty between the United States and Australia, and Australian family law. Plaintiff also brings a claim for fraud upon the court. Plaintiff seeks monetary damages. In addition, Plaintiff asks this Court to make a finding that the New Jersey Family Court was incorrect. Plaintiff names the State of New Jersey as Defendant.

Based upon the affidavit submitted by Plaintiff, this Court will grant Plaintiff's application to proceed IFP. (Doc. No. 1-1). Pursuant to 28 U.S.C. § 1915(e)(2) we must now screen the Complaint to determine whether Plaintiff's action is frivolous or malicious, fails to state a claim

on which relief may be granted, or seeks monetary relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is **DISMISSED**.

## I. BACKGROUND

The following background information is taken from the Complaint. In 2004, Australia sought registration of a child support order in New Jersey. That order from Australia sought only registration in New Jersey, not enforcement. According to Plaintiff, Australian child support orders stop being in force when the child turns 18. Moreover, the arrears or debt has yet to be determined by an Australian court, so the order in its present form is not yet actionable: a subsequent order is required before said arrears or debt may be collected.

New Jersey Family Court went ahead and enforced the Australian child support determination anyway, allegedly violating federal child support statutes, a U.S.-Australia treaty, Australian law, and the U.S. Constitution. Plaintiff contested the validity of this enforcement in New Jersey state court but was not successful. Plaintiff was incarcerated for ten days in August 2006 for failure to pay $10,000. Plaintiff seeks relief in the form of unspecified monetary damages and a finding that the New Jersey Family Court is incorrect.

## II. LEGAL STANDARD

District courts must review IFP complaints and *sua sponte* dismiss any action or appeal that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Rhodes v. Maryland Judiciary*, 546 F. App'x 91, 93 (3d Cir. 2013).

When evaluating a 12(b)(6) motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

As Plaintiff is proceeding *pro se*, we have a "duty to construe [the] pleadings liberally and apply the applicable law, irrespective of whether [plaintiff has] mentioned it by name." *Rose v. Ortiz*, No. 14-1738, 2015 WL 9216589, at *1 (D.N.J. Dec. 16, 2015) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

### III. DISCUSSION

#### A. Sovereign immunity

Each state is a "sovereign entity in [the] federal system." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Because of their sovereignty, states are immune from suit. *Alden v. Maine*, 527 U.S. 706, 713 (1999). This principle is embodied in, but not limited by, the Eleventh

3

Amendment to the U.S. Constitution. *Id.* at 712-13. State sovereign immunity is "a jurisdictional bar which deprives federal courts of subject matter jurisdiction[,]" *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996), and "an affirmative defense[,]" *Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999). Therefore, the Court must dismiss if the State enjoys immunity from Plaintiff's claims.

There are two exceptions to state sovereign immunity. First, an individual can sue a state if (i) Congress has "unequivocally expressed its intent to abrogate the [state's] immunity[,]" and (ii) Congress did so "pursuant to a valid exercise of [its Fourteenth Amendment] power." *Seminole Tribe*, 517 U.S. at 55, 59 (internal quotations omitted). Second, an individual can sue a state if the state has waived its sovereign immunity. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). A state waives its sovereign immunity by unequivocally consenting to suit. *Id.* at 682. This "stringent" test is satisfied if the state "voluntarily invokes [federal] jurisdiction" or clearly declares its intent "to submit itself to [federal] jurisdiction." *Id.* at 675-76. It is not satisfied if the state merely consents to suit "in the courts of its own creation" or "'in any court of competent jurisdiction[.]'" *Id.* at 676 (quoting *Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573, 577-79 (1946)). Here, Plaintiff sues the state of New Jersey, a sovereign entity. Plaintiff has made no showing that an exception to state sovereign immunity applies here. We must dismiss Plaintiff's complaint for want of subject matter jurisdiction.

### B. *Rooker-Feldman* doctrine

Because the relief Plaintiff appears to seek is for this Court to change the outcome of the state court, we will also address the applicability of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine holds that a federal district court cannot properly exercise subject matter jurisdiction over a case if it would result in "overturn[ing] an injurious state-court judgment."

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Put differently, this Court cannot hear cases that "are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). The *Rooker-Feldman* doctrine prevents a suit from going forward in federal court when (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) the judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *Id.* at 166 (citing *Exxon Mobil*, 544 U.S. at 284). Requests for federal district courts to overturn or change a state court's child support decision are barred by the *Rooker-Feldman* doctrine. *See, e.g.*, *Eisenstein v. Ebsworth*, 148 F. App'x 75, 77-78 (3d Cir. 2005) (applying *Rooker-Feldman* doctrine to complaint challenging state court child support order); *Ken of the Family Owens (Man) v. 42 U.S.C. 6543 Pa. Bureau of Child Support Enf't*, No. 18-CV-3792, 2018 U.S. Dist. LEXIS 173122, at *6 (E.D. Pa. Oct. 5, 2018) (same); *Johnson v. United States*, No. 11-CV-1528, 2011 U.S. Dist. LEXIS 139850, at *8 (D.N.J. Dec. 6, 2011) (same).

      Here, all *Rooker-Feldman* elements are met to the extent Plaintiff requests a change in the outcome of the state court. Plaintiff lost in the state court child support proceeding. His injuries arose directly from the state court judgment, seeing as the harm he complains of is the state court's decision-making. The child support order was rendered before the federal suit was filed. Finally, Plaintiff specifically asks this court to review and reject the state court judgment: to make a finding regarding how the law was interpreted by the New Jersey Family Court and to void their decision. We are not an appellate court to the New Jersey family court system; we do not have jurisdiction to provide the review that Plaintiff seeks.

The Third Circuit recently clarified the scope of the *Rooker-Feldman* doctrine in *Vuyanich v. Smithton Borough*. 5 F.4th 379 (3d Cir. 2021). In *Vuyanich*, the plaintiffs "sought damages for the actions Defendants took under the guise of implementing" a state court order adverse to plaintiffs. *Id.* at 387. There, *Rooker-Feldman* was not applicable in part because prong (4) was not met—plaintiffs sought some relief other than review and rejection of the state court judgment.

Here, the *Rooker-Feldman* doctrine as explained by *Vuyanich* bars our jurisdiction over Plaintiff's claims to the extent they invite us to review and reject decision-making by the New Jersey state court system. It is unclear from the Complaint whether Plaintiff seeks other relief beyond that. The Complaint mentions unspecified "Monetary damages at a later time" but does not include monetary damages in the "Relief" section. Prong (4) of the *Rooker-Feldman* doctrine is not met to the extent Plaintiff seeks relief other than a change to the New Jersey state court decision. But as discussed above, the sovereign immunity doctrine would still bar those claims for relief.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). An order follows.

Dated: 11/29/2021                                        /s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge